**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:06 CV 2307** |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **$34,000 U.S. CURRENCY,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **DEFENDANT** | ) | |

This matter is before the Court upon Plaintiff's Motion for Summary Judgment. (Dkt. #20). For the following reasons, Plaintiff's Motion is **GRANTED.**

**I.     PROCEDURAL HISTORY**

This is an action for the forfeiture of $34,000 in United States Currency pursuant to 21 U.S.C. § 881(a0(6). The Plaintiff, United States of America ("Government") has filed a Motion for Summary Judgment. (Dkt. # 20). The claimant, Nicole Pennington filed a response to the Government's Motion. (Dkt. 21).

**II. FACTUAL BACKGROUND**

The following facts are submitted by the Government in its verified Complaint. (Dkt. #1). Between February 1, 2006 and April 20, 2006, controlled buys of cocaine were made by a confidential source from Tommy Pennington. The confidential source was working under the direction of the DEA and the Warren police department. The source used "buy money" and was wired with an audio transmitting device enabling law enforcement officers to monitor and record the buys. Based on this information, the law enforcement officers executed a state authorized search warrant on April 20, 2006, at 675 Maple Street, Warren, Ohio, the residence of Tommy Pennington and his wife Nicole Pennington. The Defendant Currency was discovered along with drug paraphernalia and two handguns. Tommy Pennington stated that he was the owner of Defendant currency.

Plaintiff Nicole Pennington does challenge the Goverment's statement of facts regarding the drug related activities of her husband. Nicole Pennington alleges that although she is still married to Tommy Pennington, they have been estranged for five years and he longer resides at the 675 Maple residence. (Dkt. #21). Nicole Pennington furhtur alleges that the money seized by law enforcement is her money and is not the proceeds from the illegal drug activity of her husband. She argues that $34,000 is part of her savings, explaining that she was able to live in her marital home without paying rent. (Dkt. #21, Aff. at ¶4).

The Government attached Nicole Pennington's tax returns for the years 2003, 2004, and 2005. The attached exhibits indicate that Nicole Pennington's adjusted gross income was $10,269.00 in 2003, $22,315.00 in 2004 and $26,696.00 in 2005. (Dkt. #20).

### III.    STANDARD OF REVIEW

Summary judgment is appropriate only where there lacks a genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265. The moving party must demonstrate to the Court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. Id. The burden on the non-moving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. Celotex Corp., 477 U.S. at 324. The inquiry for the Court is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202. In short, "[t]he respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 250).

### IV.    LAW AND ANALYSIS

Under the Civil Asset Forfeiture Reform Act of 2000, "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . [and] all proceeds traceable to such an exchange" are "subject to forfeiture to the United States and no property right shall exist in them." 21 U.S.C. § 881 (a).  Applying that provision here, there is no material fact in dispute regarding the required nexus between the currency and drug-distribution activity, relying upon the absence of evidence of legitimate income that could explain the possession of this currency and the tracking of the "buy money" by law enforcement officers.  See United States v. $ 174,206.00 in U.S. Currency, 320 F.3d 658, 662 (6th Cir. 2003).

In United States v. $ 174,206.00 in U.S. Currency, the Sixth Circuit found that the government proved by a preponderance of the evidence that the currency was subject to forfeiture because the claimants' legitimate income was insufficient to explain the large amount of currency found in their possession.  One claimant's tax records showed that he never filed an income tax return and the second claimant filed tax returns in 1998 and 1999 showing income of $15,147.00 and $15,995.00.  The claimants' income totaled $31,142.00 yet their safe deposit boxes contained $174,206.00.  Evidence of legitimate income that is insufficient to explain the large amount of property seized, unrebutted by evidence showing another source of income obtained innocently, satisfies the statute.  Id., at 662.  In addition, a claimant's record of prior drug activity is an important consideration in determining

4

whether there is a nexus between the property and drug activity. United States v. $ 118,170.00 in U.S. Currency, 69 Fed. Appx. 714, 2003 WL 21659445 at *3.

Nicole Pennington argues that the possession of a large amount of cash is not *per se* evidence of drug related activity. Her sole argument to account for the $34,000 is that she lived "rent-free." However, possession of large amounts of cash may be evidence of drug activity if the government shows the required nexus. Neither Tommy Pennington nor Nicole Pennington has demonstrated a legitimate source of income. This unexplained source of income, in conjunction with Tommy Pennington's criminal drug history, creates a nexus between the drug activity and the large amount of cash.

The Court additionally notes Nicole Pennington's general assertion that the money does not constitute proceeds from drug related activity does not meet the Rule 56(e) requirement that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." As Nicole Pennington has not alleged any specific facts demonstrating where she obtained the $34,000, she has not created a disputed issue of material fact.

Accordingly, for the foregoing reasons, the Plaintiff's motion for summary judgment is granted on the ground that there is no genuine issue of material fact. (Dkt. #20). Judgment is entered in favor of the Government and the Defendant currency ($34,000.00) is forfeited to the permanent custody and control of the United States.

**IT IS SO ORDERED.**

*/s/ Peter C. Economus* **– 9/13/07**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**